TIMOTHY COURCHAINE
United States Attorney
District of Arizona

RAYMOND K. WOO
Arizona State Bar No. 023050
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: raymond.woo@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR-25-0657-PHX-DJH |
| Plaintiff, | |
| vs. | **GOVERNMENT'S DETENTION MEMORANDUM** |
| Ian William Moses, | |
| Defendant. | |

Defendant should be detained pending trial because he is serious flight risk and danger to the community. Defendant purposefully set fire to Tesla property, including new electronic vehicles, leading to a dangerous explosion. Defendant cannot overcome the statutory presumption that there are no conditions of release that will protect the community from Defendant or reasonably assure his appearance at future hearings because he was indicted on multiple counts of 18 U.S.C. § 844(i), Malicious Damage to Vehicle or Property in Interstate Commerce3. *See* 18 U.S.C. §§ 2332b(g)(5)(B), 3142(e)(3)(C).

As set forth below, Defendant is a serious flight risk as his plan of attack and escape was meticulously planned out; strongly suggesting he will not comply with court ordered conditions and flee if given the opportunity. Finally, Defendant's willingness to incinerate a business and vehicles with massive lithium-ion batteries, clearly poses a serious danger to the public. Defendant intended to cause destruction and he is fortunate that the explosion

from a Tesla vehicle -- parked near a rear entryway door to the building -- did not injure, maim, or kill anyone, including first responders.

For these reasons, the government respectfully recommends Defendant be detained pending trial.

## BACKGROUND

During the early morning hours on April 28, 2025, Defendant parked his white town and country van near Rowen and Flower streets in Mesa, Arizona. At some point, Defendant rode his bicycle to the Mesa Tesla Dealership, which was approximately a quarter mile away. At approximately 1:29 a.m., Defendant entered the back of the dealership which contained new Tesla vehicles. Defendant concealed his identity by wearing a black facial mask, sunglasses, gloves, and a dark hood sweatshirt. He also carried a black backpack.



Once arriving, Defendant removed a red gas container from his backpack and poured a liquid onto three Tesla vehicles parked on the north side wall.





After pouring liquid on the Tesla vehicles, Defendant then placed a log type object to the right of the northeast door to the Tesla dealership.



Defendant doused the log and dealership wall with liquid from the red gas container.



Defendant then placed a second log-type object at the base of the wall between a silver Cybertruck and dark red Model Y. He again doused the wall and log-type object with liquid.



Around this time, a white truck pulled to the adjacent parking lot; causing Defendant to quickly hide behind a dark red Model Y.



After a short while, Defendant then placed a third log type object on the dealership wall, directly behind the silver Cybertruck.



Defendant then poured a large amount of liquid onto the log and wall area, leading to liquid puddling beneath the silver Cybertruck.



Defendant then removed a white colored spray can from his backpack and sprayed "THEIF" on the east wall of the dealership.



After spray painting the wall, Defendant then unsuccessfully attempted to set fire a silver Cybertruck near the north wall.



Defendant then proceeded to light the three logs placed next to the Tesla dealership. All three ignited. The log and liquid near the silver Cybertruck resulted in the largest fire, leading to the Cybertruck catching fire.



At approximately, 1:40 a.m., Defendant quickly fled the parking lot on his bike.

The silver Cybertruck exploded at approximately 1:53 a.m.





By approximately 2:20 a.m., Mesa Police Officers located Defendant's white van near Flower and Rowen streets. At least one of officer observed that the hood still was warm and observed a wallet in the front seat area. At approximately 3:00 a.m., a Mesa

Police Officer observed Defendant riding up to the white van on a bicycle and placing a backpack into the front seat area. Defendant was subsequently detained and arrested.





The officers located a handwritten overview map of the area in one of Defendant's pockets. The map provided an overview of the area with streets, buildings, and with the Tesla dealership depicted as a box with the letter "T."



Officers determined that the white van was registered to Defendant and searched it pursuant to a warrant. In their search they located Defendant's wallet with his identification and the black backpack. Within the backpack, they discovered a lighter, red plastic gas can, and black spray paint can. Defendant's cell phone was later located in his residence.

On April 28, 2025, Defendant was charged with a single count of Malicious Damage

of a Vehicle in Interstate Commerce by Means of a Fire, in violation of Title 18, United States Code, Section 844(i). (Dkt. No. 1.) Defendant was then indicted by federal grand jury on April 30, for five counts of Malicious Damage to Vehicles or Property in Interstate Commerce by Means of Fire. (Dkt. No. 8.)

## ARGUMENT

### A. Legal Standard

A defendant must be detained pending trial when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making an individualized detention determination, a court must consider (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, and past conduct; and (4) the nature and seriousness of the danger to the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). Consideration of non-statutory factors is disfavored. *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Detention is appropriate when a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. The government must establish danger by clear and convincing evidence and must show flight risk by a preponderance of the evidence. *United Sates v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).

### B. Detention is Presumed

Defendant faces a rebuttal presumption of detention. As set out in Section 3142, it is presumed that "no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of the community" if the Court finds there is probable cause that defendant committed an offense listed in the acts of terrorism statute under Section 2332b(g)(5)(B) for which the maximum term of

- 12 -

imprisonment is 10 years or more. 18 U.S.C. § 3142(e)(3)(C). The Court can make this finding here as Defendant has been indicted for violating Section 844(i), an offense that carries a maximum term of imprisonment of 20 years and is listed in Section 2332b(g)(5)(B). *See* 18 U.S.C. § 2332b(g)(5)(B) (which lists out federal violations that may be considered federal crimes of terrorism).

To be clear, the presumption here does not require defendant be charged with the specific offense of 18 U.S.C. § 2332(b) (Acts of Terrorism transcending National Boundaries) as that charge carries its own rebuttable presumption under the detention hearing statute. *See* 18 U.S.C. § 3142(e)(3)(B) (identifying "an offense under section 924(c), 956(a), *or 2332b*" of Title 18) (emphasis added). Nor does the detention statute require Defendant's charge fit what is defined as a "Federal Crime of Terrorism," requiring both a particular offense and a motivation "to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." *See* 18 U.S.C. §§ 2332b(g)(A) and (B). As plainly written, the detention hearing provision here refers to the list of offenses with maximum terms of imprisonments of ten or more years. The provision does not require the offense to be considered a federal crime of terrorism and what is described as terroristic motivation under Section 2332b(g)(A). *See* 18 U.S.C. 3142(e)(3)(C); *United States v. Densmore*, 2020 WL 3060379 *2 (D.NV. June 9, 2020) (District Court applied the presumption of detention for the offense of Section 844(i)).

Thus, it is presumed that there no conditions or combinations of conditions will reasonably assure Defendant's appearance at trial or safety of the public.

### C. Defendant is a Significant Flight Risk and will Flee if Given the Opportunity.

Defendant cannot rebut the presumption as he is a significant flight risk. As set out herein, Defendant either damaged and destroyed, or tried to do so, a commercial building that houses employees and members of the public during business hours, and electric vehicles with lithium-ion batteries. His actions caused fires leading to a dangerous

- 13 -

explosion of a Tesla Cybertruck that was positioned to the right of a rear entryway door. This created an extraordinary risk to anyone who could have been nearby, whether it be concerned bystanders, Tesla cleaning staff, or first responders. The nature and circumstances of defendant's conduct are thus extraordinarily serious and weigh in favor of detention.

The weight of the evidence also supports detention. Defendant's actions were recorded on video. He was quickly apprehended wearing the same clothing recorded on video. And, he was in control or possession of the instrumentalities he used to cause destruction. Thus, even though the weight of the evidence is generally considered the "least important" factor, *Winsor*, 785 F.2d at 757, the overwhelming evidence supports detention in this case. *See, e.g., United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (finding that the weight of the evidence—and defendants' resulting belief they may be convicted as a result—weighed in favor of detention based on flight risk).

Furthermore, Defendant's personal characteristics suggest he will flee if given the opportunity. Defendant carefully planned out his attack and took numerous steps to avoid detection and capture. For instance, Defendant traveled to the dealership on bicycle and not in a vehicle registered to his name. Defendant did not carry a wallet with identification that could have been dropped or offered as identification if asked. Defendant did not carry his cell phone, purposefully preventing law enforcement from tracking his movements. Without his phone, Defendant had to carry hand drawn map of the area that identified street names and the location of the Tesla dealership. Defendant took nearly every imaginable step to conceal himself by wearing non-descript and dark clothing, sunglasses, gloves, and a facial mask. Defendant's efforts to avoid detection and capture suggests he is more likely to hide information from supervising officers and less likely to abide by conditions of release set by the Court. *See United States v. Hoover*, No. CR-14-554-1-PHX-SRB, 2014 WL 2094201, at *5 (D. Ariz. May 20, 2014) (concluding that no combination of release conditions would reasonably assure defendant's appearance given his "significant patterns

and practices of criminal deception," extensive foreign connections, and access to substantial financial assets); *United States v. Seif*, CR-01-0977-PHX-PGR, 2001 WL 1415034, at *3 (D. Ariz. Nov. 8, 2001) (noting that given defendant's past deception, his promise to appear at future court proceedings was "likely unreliable and trustworthy" and deserving of "little weight").

Finally, Defendant faces mandatory minimum five-year sentences (and up to 20 years) for each charged count in the Indictment. If ordered consecutively by the District Court, Defendant could face a minimum of 25 years of prison. Given these potential penalties, Defendant has a strong incentive to flee and avoid prosecution. *See Townsend*, 897 F.2d at 995 (9th Cir. 1990) (noting that defendants had a greater incentive to flee when faced with the possibility of lengthy prison sentences).

Based on these factors, the government submits that Defendant cannot rebut the presumption as there are no conditions, or combination of conditions, that could reasonably assure his presence at trial.[1] Therefore, he should be detained.

### D. Defendant is a Danger to the Community

Defendant also cannot rebut the presumption that he poses a significant danger to the community. Defendant's plan was to fire damage or destroy a commercial business and electric vehicles that contained large lithium-ion batteries. He deliberately placed what were likely fire starter logs near the rear entrance of the building, and started a fire that caused a massive and dangerous explosion. This was clearly dangerous conduct that could

---

[1] The government further believes that while an effective tool in some circumstances, GPS monitoring has limited utility in preventing defendant from fleeing. Supervisees on GPS monitoring are not subject to around-the-clock, real-time monitoring by their supervising officer. Moreover, arrest warrants are not issued the moment a defendant leaves his designated area—rather, that process may take days if a defendant absconds over a weekend. Defendants may use such a delay to leave the Court's jurisdiction. *See, e.g.*, *Townsend*, 897 F.2d at 994-95 ("[W]earing of an electronic device [does not] offer assurance against flight occurring before measures can be taken to prevent a detected departure from the jurisdiction."); *United States v. Rhule*, No. CR-20-0105-JCC-2, 2020 WL 5984072, at *6 (W.D. Wash. Oct. 8, 2020) ("A GPS tracker can be removed, and once it is, [defendant] could flee."). This concern is especially acute here as Defendant took numerous steps to avoid detection and capture.

have injured, maimed, or killed someone in the building, or someone in or near the blast radius of the exploding vehicle. Defendant's willingness to engage in such dangerous conduct demonstrates he lacks any regard for the potential danger caused by his actions. Thus, Defendant poses a significant risk to the public and should be detained pending trial.

## CONCLUSION

For the foregoing reasons, the government respectfully requests Defendant be detained pending trial.

Respectfully submitted this 1st day of May, 2025.

          TIMOTHY COURCHAINE
          United States Attorney
          District of Arizona

*S/ Raymond K. Woo*

RAYMOND K. WOO
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF sealed system for filing lodged proposed sealed documents, and that I served the attached document by electronic mail, on the following, who may or may not be registered participants of the CM/ECF System:

Anthony Knowles, *Counsel for Defendant*.

*/s/ Theresa Hanson*
U.S. Attorney's Office