Anthony J. Knowles #019161
KNOWLES LAW FIRM, PLC
2852 S. Carriage Lane
Mesa, Arizona 85202
(480) 247-6366
*tonyknowles@knowleslaw.org*
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

vs.

Ian William Moses,

Defendant.

Case No: CR-25-0657-PHX-DJH

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION AND NOTICE OF PROPOSED RELEASE PLAN**

Although the Defendant, Ian Williams Moses was indicted on very serious charges, and circumstances of the prosecution in this matter are unusual, however those allegations do not justify the extraordinary remedy of pretrial detention.

## I. Legal Framework

Mr. Moses is before this Court following being arrested and charged with 5 counts of Malicious Damage to Property or Vehicle in Interstate Commerce by Means of Fire. 18 U.S.C. § 844(i). The government has moved for Mr. Moses detention citing 18 U.S.C. §3142(f)(1)(A) (i.e. "danger to the community") and (f)(2)(A) (i.e. "serious risk of flight"). The government also moved for detention

citing the presumption in 18 U.S.C § 3142€(3)(C) (i.e. "federal crime of terrorism").

The Bail Reform Act of 1984 "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." U.S. v. Gerbo, 948 F.2d 1118, 1121 (9th Cir. 1991). A court may detain a defendant if it finds that there are on conditions or combination of conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in [the] defendant's favor. Gerbo, 948 F.2d 1121 (citations omitted). A finding that the defendant is a flight risk must be supported by a preponderance of the evidence, U.S. v. Aitken, 898 F.2d 104, 107 (9th Cir. 1990), and that "a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence,'" U.S. v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(f)(2)(B)).

In this case the Government argues that there is a rebuttable presumption of detention arising under 18 U.S.C. § 3142(e)(3)(C). However, even if the Court finds the government meets its burden that the presumption applies, the Court may still release Mr. Moses "as long as the defendant has presented *some* evidence and the magistrate or judge has evaluated all of the evidence with Congress's view of the general problem in mind. U.S. v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985) (emphasis added). "Although the presumption shifts the burden of production to

the defendant, the burden of persuasion remains with the government." U.S. v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008).

Indeed, the presumption of detention is rebutted by "[a]ny evidence favorable to a defendant that comes within the category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community. . . and other types of evidence encompassed in § 3142(g)(3)." Courts have found that if a defendant comes forward with any evidence pursuant to § 3142(g), such as evidence of economic and social stability can rebut the presumption, the presumption of flight risk and dangerousness can be rebutted, and flight risk can be rebutted by evidence of effectiveness of electronic monitoring ankle bracelet together with posting of defendant's home.

After the presumption is rebutted, the Court must weigh the presumption against all the other evidence of the defendant's history and characteristics that weighs in favor of the defendant's release from custody. § 3142(g)

**II. Mr. Moses Background**

Mr. Moses is 35 years old and has effectively lived his entire life in Arizona, except for the time he spent in college attending the University of Pittsburg where he earned a bachelor's degree in electrical engineering. At all other times he has resided in the Phoenix area living in Phoenix, Tempe, Chandler and Mesa. He is employed full-time working as a software developer for Cognizant. His employer is a subsidiary of Robotic Automation Services which is headquartered in Nashville, Tennessee. He has worked there for over 2 years. Mr. Moses has strong family ties

in Arizona. His sister, Sydney Moses Burns, 33 years of age, lives with her husband Dane Burns in Chandler Arizona. Mr. Moses is the uncle to the Burns' 1 ½ year old Vernon. Mr. Moses' father lives in Marana and his mother lives in Tempe. His grand parents live in Chandler. His friend group all live in the Phoenix area. In much of his free time, he spends working out at Radius Fitness in Mesa Arizona. Last year Mr. Moses was diagnosed as autistic, and has been treating with a therapist every other week since last year. His relationship with most of his family is very strong and he has significant family support.[1]

Although he has a U.S. passport, he has never traveled out of the country, and would voluntarily surrender the passport during the pendency of this matter. Mr. Moses has never been in any type of criminal trouble and absolutely has no criminal record.

Mr. Moses resides in Mesa where he owns a condominium residence. Financially, he has the typical amount of bills and living expenses and has no financial means to abscond or flee. He understands the serious nature of his charges and has privately retained defense counsel to represent him on this matter.

**III. Argument**

Release of Mr. Moses is warranted because there are numerous facts under § 3142(g) that rebut the presumption of detention and demonstrate that there are conditions of release that will reasonably assure both Mr. Moses appearance in

[1] Several of his family members were present at Court for his Initial Appearance Court hearing.

court and the safety of the community. The law is clear that (1) very little is required for a defendant to rebut the presumption, and (2) courts must weigh the rebutted presumption against every factor that militates in favor of release before detaining a defendant. In addition, it is impermissible to detain a defendant in a presumption case based solely on evidence of past dangerousness, the nature of the crime charged, or the weight of the evidence.

The evidence detailed and presented in this matter relating to Mr. Moses is more than "some" evidence that he will not flee or endanger the community if granted release. He has strong ties to the community with very strong family ties support; he has a full-time job for which he relies to pay his bills and expenses. He has financial obligations that require him to be present and work such as his mortgage on his home. He has no criminal history with no record of violent conduct. He has demonstrated no behaviors that would suggest his inability or unwillingness to follow the Court's orders. His sister is willing to serve as third party custodian of Mr. Moses. Finally, he is not an unmanageable danger to the community given the wide range of release conditions available to the Court.

**IV. Proposed Conditions of Release**

The following conditions of releasee under § 3142(c)(1)(B), and any additional conditions the Court deems necessary, will reasonably assure Mr. Moses appearance in court and the safety of the community at large.

1. Place Mr. Moses in custody of his sister Sydney Burns, as third-party custodian "who agrees to assume supervision and to report any violation of a release condition to the court." 18 U.S.C. §31412(c)(1)(B)(i).

2. Mr. Moses shall reside with his sister at the address provided to the government and Probation.

3. Home confinement with location monitoring. Exceptions for religious services, medical appointments, legal appointments, court, and employment to be approved by his supervising officer.

4. Restriction of travel to the District of Arizona.

5. Report as directed to pretrial services.

6. Any other condition(s) that the Court deems appropriate.

Because there are conditions of release that will reasonably assure Mr. Moses appearance to court and the safety of the community, the Court should deny the government's motion for detention.

RESPECTFULLY SUBMITTED Friday, May 2nd, 2025.

**KNOWLES LAW FIRM, PLC**

By: /s/ Anthony J. Knowles
Anthony J. Knowles, Bar #019161
KNOWLES LAW FIRM, PLC
2852 S. Carriage Lane
Mesa, Arizona 85202
Telephone: (480) 247-6366
*Attorney for the Defendant*

**MAIL CERTIFICATE**

**I HEREBY CERTIFY THAT ON THE SECOND MAY 2025,** I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

THE HONORABLE JUDGE MICHAEL MORRISSEY
UNITED STATES DISTRICT COURT
SANDRA DAY O'CONNOR U.S. COURTHOUSE, SUITE 324
401 WEST WASHINGTON STREET, SPC 17
PHOENIX, ARIZONA 85003-2135

ASST U.S. ATTORNEY RAYMOND K. WOO
TWO RENAISSANCE SQUARE
40 N. CENTRAL AVENUE, SUITE 1800
PHOENIX, AZ 85004-4408
Raymond.woo@usdoj.gov

BY: ANTHONY J. KNOWLES